IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SNOW SYSTEMS, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SNELLER'S LANDSCAPING, LLC, a Michigan Limited Liability Company, d/b/a SNELLER SNOW SYSTEMS,<br><br>Defendant. | Case No. 1:18-cv-5842 |

## COMPLAINT

**NOW COMES**, Plaintiff, **SNOW SYSTEMS, INC.**, an Illinois Corporation, by its attorneys, **Stone Pogrund & Korey LLC**, and for its Complaint against Defendant, **SNELLER'S LANDSCAPING, LLC**, a Michigan Limited Liability Company, d/b/a SNELLER SNOW SYSTEMS, states as follows:

### PARTIES

1. Plaintiff Snow Systems, Inc. ("Plaintiff" or "Snow Systems") is a corporation organized under the laws of Illinois with its principal place of business at 600 N. Wolf Road, Wheeling, Illinois 60090;

2. On information and belief, Defendant Sneller's Landscaping, LLC ("Defendant" or "Sneller's Landscaping") is a limited liability company organized under the laws of Michigan with its principal place of business at 675 Clyde Court SW, Byron Center, Michigan 49315;

3. On information and belief, Defendant owns and operates numerous websites including but

3. On information and belief, Defendant owns and operates numerous websites including but not limited to one located at http://www.snellersnowsystems.com.

## JURISDICTION AND VENUE

4. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. §1501 et seq. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332, 1338 and 1367.

5. The amount in controversy between the parties exceeds $75,000.

6. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over the Defendant because it has contacts with the State of Illinois and this judicial district; Defendant has caused its snow removal services to be advertised and promoted in this judicial district by virtue of its ongoing website presence; the causes of action asserted in this Complaint arise out of Defendant's contacts with the judicial district and because Defendant has caused tortious injury to Plaintiff in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Defendant has, by virtue of its website, extensive contacts within this judicial district; Defendant has caused "Sneller Snow Systems" to be advertised and promoted in this judicial district by virtue of its website; the causes of action asserted in this Complaint arise out of Defendant's tortious injury to Plaintiff in this judicial district.

## FACTUAL BACKGROUND

8. Plaintiff Snow Systems provides commercial snow removal, ice control, snow plowing, sidewalk shoveling and ice removal to corporate and commercial clients in Illinois, Indiana, Ohio, Wisconsin, Pennsylvania, Colorado, Massachusetts and Tennessee;

9. Plaintiff has been providing professional snow and ice control services for over 36 years with over 600 pieces of snow moving equipment including in excess of 350 large and small dump trucks and plows;

10. Since beginning operations in 1979, and after its incorporation as Snow Systems, Inc. in 1991, Snow Systems has continuously used the highly distinctive word mark "SNOW SYSTEMS" to market its services. A true and correct example of such use is attached hereto and marked as Exhibit A;

11. On March 19, 2013 the United States' Patent and Trademark Office ("PTO") issued Snow Systems, Inc., U.S. Trademark Registration No. 4,303,147 for its long existing service mark, a word mark, "SNOW SYSTEMS" with notation of first use on September 1, 1979 in connection with "Snow removal, ice removal and de-icing services for roads, streets, highways, parking lots, sidewalks and driveways." A true and correct copy of this registration is attached as Exhibit B;

12. The "SNOW SYSTEMS" registration is in full force and effect on the PTO's Principal Register, and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the "SNOW SYSTEMS" mark throughout the United States;

13. Plaintiff advertises its services via several media channels, including its website http://snowsystems.com. Defendant's use of http://snellersnowsystems.com, obtained many years after Plaintiff's acquisition of its website, will cause confusion among consumers;

14. In addition to its own advertising efforts, Plaintiff has been the subject of many positive and unsolicited stories in local and regional publications;

15. As a result of Plaintiff's long-term and widespread use of the "SNOW SYSTEMS" mark in the region via internet, television, radio and print advertising, and regular unsolicited media coverage, the "SNOW SYSTEMS" mark enjoys a high degree of consumer recognition in the region and has become a well recognized mark.

16. On information and belief, and on the basis of its own website advertising, Defendant Sneller Landscaping began operations in 1984 and did not engage in snow removal services until 1999 with two persons shoveling sidewalks;

17. On information and belief, Defendant was organized in March of 2001;

18. Defendant's organization was nearly two decades after Plaintiff was incorporated;

19. On information and belief, Defendant does not have trademark office recognition for "Sneller Snow Systems" and it was not until May 27, 2015 that Sneller's Landscaping registered a d/b/a in the name of "Sneller Snow Systems";

20. The registration of this d/b/a was decades after Plaintiff's first and continued use of SNOW SYSTEMS, and more than two years after Plaintiff's receipt of PTO registration.

## UNAUTHORIZED USE OF "SNOW SYSTEMS" MARK

21. On information and belief, Defendant's snow management and snow removal services are similar, if not identical, to those offered by Plaintiff;

22. On information and belief, Defendant utilizes its website presence to market, promote and sell its snow removal and snow management services;

23. On information and belief, and as a substantial and material part of such marketing, Defendant utilizes a design utilizing Plaintiff's proprietary and PTO registered word mark "SNOW SYSTEMS". A true and correct copy of Defendant's design is attached hereto and marked as Exhibit C;

24. On information and belief, in order to increase sales of its services, Defendant engages in this activity in a manner that infringes, dilutes and tarnishes Plaintiff's "SNOW SYSTEMS" registered word mark

25. On information and belief, Defendant purchases and uses, without authorization, Plaintiff's "SNOW SYSTEMS" trademark, or confusingly similar variations thereof, as a "keyword"

in internet keyword advertising programs. As a result, when a consumer types in "SNOW SYSTEMS" to a Google search engine, Defendant's website appears on the list. A true and correct copy of Google search results for the term "snow systems" on August 14, 2018 is attached as Exhibit D;

26. On information and belief, Defendant knows, or should know, that it is engaging in the activities alleged in this Complaint, and that the activities serve to confuse and lure potential Snow Systems customers to websites used by the Defendant for the purpose of promoting and selling services of Defendant;

27. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendant's use of the "SNOW SYSTEMS" trademark or any variations thereof in connection with the marketing or sale of any services;

28. On information and belief, Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's mark;

29. The snow management and snow removal services that Defendant is marketing and selling are offered through the same channels and same target consumers as Plaintiff's snow management and snow removal services;

30. Plaintiff sent a demand letter to Defendant on or about December 7, 2015 informing Defendant of Plaintiff's valuable trademark rights and demanding that they cease all use of the "SNOW SYSTEMS" trademark. A true and correct copy of this demand letter is attached as Exhibit E;

31. Since such time as that demand letter, Plaintiff has made repeated demands to Defendant's managing member, Jeff Sneller, that Defendant cease use of Plaintiff's "SNOW SYSTEMS" trademark.

32. As of the date of this Complaint, Defendant continues to use the "SNOW SYSTEMS" trademark, and confusingly similar variations of the "SNOW SYSTEMS" trademark,

without authorization;

33. As of the date of this Complaint, Defendant continues to utilize Plaintiff's "SNOW SYSTEMS" trademark on its vehicles, in advertising, and in its website promotion despite repeated requests to cease and desist.

34. Defendant's failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiff and to willfully infringe on Plaintiff's rights in the "SNOW SYSTEMS" trademark.

## COUNT I
### Federal Trademark Infringement under 15 U.S.C. §§1114 and 1125(a)

35. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 – 33 of this Complaint.

36. The actions of Defendant described above and specifically without limitation, its unauthorized use of the "SNOW SYSTEMS" trademark, and confusingly similar variations thereof, in commerce to advertise, promote, market and sell Defendant's snow management and removal services, constitute trademark infringement in violation of 15 U.S.C. §§1114 and 1125(a).

37. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the "SNOW SYSTEMS" word mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116.

38. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of its snow management and removal services, and the costs of this action.

39. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions

of the Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

## COUNT II
### Federal Trademark Dilution under 15 U.S.C. §1125(c)

40. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 – 38 of this Complaint.

41. The actions of Defendant described above and specifically, without limitation, its unauthorized use of Plaintiff's "SNOW SYSTEMS" trademark, and confusingly similar variations thereof, in commerce to advertise, market and sell Defendant's snow management and snow removal services are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. §1125(c).

42. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with its "SNOW SYSTEMS" word mark and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§1116 and 1125(c).

43. On information and belief, the actions of the Defendant described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on its sales of snow management and snow removal services, and the costs of this action pursuant to 15 U.S.C. §1117.

## COUNT III
### Federal Unfair Competition and False Advertising under 15 U.S.C. §§1125(a)

44. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 – 42 of this Complaint.

45. Defendant's actions described above and specifically, without limitation, Defendant's use of Plaintiff's "SNOW SYSTEMS" trademark, and confusingly similar variations thereof,

7

in commerce to advertise, market and sell its snow management and snow removal services constitutes unfair completion and false advertising in violation of 15 U.S.C. §1125(a).

46. Consumers are likely to be misled and deceived by Defendant's use of, and representations associated with, Plaintiff's "SNOW SYSTEMS" trademark in connection with Defendant's snow management and snow removal services.

47. Defendant knew, or should have known, that its use of Plaintiff's "SNOW SYSTEMS" trademark was unauthorized and likely to mislead.

48. As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation and goodwill.

49. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, and an accounting for profits made by Defendant on sales of its snow management and snow removal services as well as recovery of the costs of this action.

50. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

## PRAYER FOR RELIEF

51. **WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendant as follows:
    a. That Plaintiff be granted injunctive relief under 15 U.S.C. §1051 *et sec.*; specifically that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:
        i. using the "SNOW SYSTEMS" trademark, or any mark confusingly similar to the "SNOW SYSTEMS" trademark, in connection with the marketing,

promotion, advertising or sale of any snow management and snow removal services; and

ii. making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, sale, offering for sale, of snow management and snow removal services while making use of Plaintiff's "SNOW SYSTEMS" trademark;

b. That Defendant be required to file, within ten (10) days from entry of an injunction, a declaration with this Court, signed under penalty of perjury, certifying the manner in which the Defendant has complied with the terms of the injunction;

c. That Defendant be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Defendant's snow management and snow removal services and Plaintiff's snow management and removal services, including without limitation:

i. the sending of a registered letter (with a copy to Plaintiff) to all internet search engines, including but not limited to Google and Yahoo!, requesting that Defendant's keyword advertising and sponsored advertisements utilizing the phrase "snow systems" be removed from such search engines;

ii. the placement of corrective advertising on Defendant's websites informing consumers of Defendant's prior improper use of Plaintiff's "SNOW SYSTEMS" trademark;

d. That Defendant be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact by utilization of Plaintiff's "SNOW SYSTEMS" trademark which misrepresented the nature of its snow management and snow removal services.

e. That Plaintiff be awarded damages pursuant to 15 U.S.C. §1117(a) sufficient to compensate it for the damage caused by Defendant's false and misleading representations through its use of Plaintiff's "SNOW SYSTEMS" trademark.

f. That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

 g. That such damages and profits be trebled and awarded to Plaintiff and that Plaintiff be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. §1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

 h. That Plaintiff be granted prejudgment and post judgment interest;

 i. That Plaintiff be granted costs associated with the prosecution of this action; and

 j. That Plaintiff be granted such further relief as this Court may deem just.

Dated: August 27, 2018

Respectfully Submitted,
**SNOW SYSTEMS, INC.**, an Illinois Corporation,

By: _____
One of its attorneys

Dean J. Lurie
**STONE POGRUND & KOREY LLC**
1 E. Wacker Dr., Ste. 2610
Chicago, IL 60601
T: 312-782-3636
ARDC # 6280505